IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY JOHNSON, #B -76780, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–02212−SMY |
| | ) | |
| C/O LUCAS MAUE, | ) | |
| C/O TERRANCE JACKSON, | ) | |
| C/O GRIFFIN, | ) | |
| C/O CORON, | ) | |
| LT. TOURVILLE, | ) | |
| LT. JOHN DOE 1, | ) | |
| SGT. ANTHONY JONES, and | ) | |
| C/O JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bobby Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights occurring at Menard Correctional Center. Plaintiff alleges that several prison officials used excessive force against him and that one official failed to intervene and protect him from excessive force, resulting in extensive injuries. (Doc. 1, pp. 9-12). He requests compensatory and punitive damages. (*Id.* at 16).

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

1

§ 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 7-17): On June 26, 2017, following a pat-down conducted by Corrections Officer Maue, Plaintiff informed Maue and Lieutenant Tourville that he intended to file a grievance against Maue for using a racial slur during the pat-down. Maue then handcuffed and forced Plaintiff to the ground, where Maue and other corrections officers punched, stomped, and peppered sprayed Plaintiff. (Doc. 1, p. 8).

While escorting Plaintiff to the segregation unit, Corrections Officer Jackson and Corrections Officer John Doe 2 assaulted Plaintiff by punching him and forcing his head into gates and door corners. (Doc. 1, p. 9). While handcuffed and in the segregation unit, Plaintiff was held by Corrections Officer Griffin and Corrections Officer John Doe 2, as Lieutenant John Doe 1 repeatedly punched Plaintiff's face and used racial slurs. *Id*. Sergeant Jones, Tourville, Griffin, and Corrections Officer Coron also repeatedly punched Plaintiff. (Doc. 1, pp. 9-10, 13).

Following the incident, Plaintiff was interviewed by Internal Affairs, but was unable to respond to questioning due to injuries. (Doc. 1, p. 10). He was subsequently taken to the Health Care Unit. (Doc. 1, pp. 10 -11). Once in the Health Care Unit, Plaintiff was physically assaulted again by Corrections Officer John Doe 2, while in the presence of Lieutenant John Doe 1 who failed to intervene. (Doc. 1, p. 11).

Plaintiff was taken to an outside hospital. At some point while Plaintiff was housed in the Health Care Unit, it was determined that his injuries were so severe that he would require stiches and facial reconstruction surgery. (Doc. 1, pp. 11-12).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** Eighth Amendment excessive force claim against Maue, Jackson, Griffin, Coron, Trouville, Lieutenant John Doe 1, Jones, and Corrections Officer John Doe 2 for physically assaulting Plaintiff on June 26, 2017.
>
> **Count 2:** Eighth Amendment claim against Lieutenant John Doe 1 for failing to intervene and protect Plaintiff from the use of excessive force by Corrections Officer John Doe 2 against Plaintiff while in the Health Care Unit on June 26, 2017.
>
> **Count 3:** Intentional infliction of emotional distress claim in violation of Illinois state law against Maue, Jackson, Griffin, Coron, Trouville, Lieutenant John Doe 1, Jones, and Corrections Officer John Doe 2.
>
> **Count 4:** Assault and battery claim in violation of Illinois state law against Maue, Jackson, Griffin, Coron, Trouville, Lieutenant John Doe 1, Jones, and Corrections Officer John Doe 2.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]

### **Discussion**

As an initial matter, Plaintiff seeks monetary damages against Defendants Maue, Jackson, Griffin, Tourville, Lieutenant John Doe 1, Jones, and Corrections Officer John Doe 2 in both their individual and official capacities. State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes any claims Plaintiff asserted under the Sixth and Twelfth Amendments. He vaguely alluded to violations of his rights under both amendments, but he offered no reason for bringing these claims and did not indicate who they are against.

(1989)*; Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, the official capacity claims directed against these individuals will be dismissed with prejudice.

**Count 1**

Plaintiff has stated a sufficient factual basis to proceed with his excessive force claim against Defendants Maue, Jackson, Griffin, Coron, Trouville, Lieutenant John Doe 1, Jones, and Corrections Officer John Doe 2 as he alleges that he was peppered sprayed and beaten while he was handcuffed. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Therefore, Count 1 will proceed for further review.

**Count 2**

Plaintiff alleges Lieutenant John Doe 1 was present in the room of the Health Care Unit while Corrections Officer John Doe 2 forced Plaintiff's head into the wall, but failed to intervene. (Doc. 1, p. 11). These allegations are sufficient to survive screening, and Count 2 will therefore proceed. *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000); *See Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 478 (7th Cir. 1997).

**Counts 3 and 4[2]**

Plaintiff's supplemental state law claims for intentional infliction of emotional distress and assault and battery are premised on the same allegations as his Eighth Amendment claims in Counts 1 and 2. These allegations are sufficient to support claims for intentional infliction of emotional distress and assault and battery under Illinois law. *See* e.g., *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (discussing intentional infliction of emotional

---

[2] Plaintiff's state law claims in Counts 3 and 4 concern the same facts as his § 1983 claims, so supplemental jurisdiction is appropriate. *See Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008); *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008).

distress under Illinois law); *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (discussing assault and battery under Illinois law). Accordingly, Counts 3 and 4 survive screening.

**Identification of Unknown Defendants**

As previously noted, Plaintiff will be allowed to proceed with Counts 1, 3, and 4 against Defendants Lieutenant John Doe 1 and Corrections Officer John Doe 2 and Count 2 against Lieutenant John Doe 1. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the warden of Menard Correctional Center, Frank Lawrence, will be added to the docket in his official capacity only and shall be responsible for responding to discovery aimed at identifying these unknown defendants. Once the names of these individuals are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

**Pending Motions**

Plaintiff has moved the Court to appoint him counsel. (Doc. 3). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question – if a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, Plaintiff has made a "reasonable attempt" to secure counsel on his own, including with his motion three letters from attorneys denying his application for counsel. (Doc 3, pp 3-5). However, the Court finds that Plaintiff is competent to litigate this matter at this time. Although Plaintiff claims that he is unable to represent himself due to educational and medical impediments, Plaintiff's pleadings have been clear and easy to understand. (Doc 3, p 1). Therefore, Plaintiff's motion is **DENIED** without prejudice. The Court will remain open to the appointment of counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHERED ORDERED** that, for the reasons stated, all claims against Defendants **MAUE, JACKSON, GRIFFIN, TOURVILLE, JOHN DOE 1** *Lieutenant*, **JONES,** and **JOHN DOE 2** *Corrections Officer* in their **official capacities** are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **MAUE, JACKSON, GRIFFIN, CORON, TOURVILLE, JOHN DOE 1** *Lieutenant*, **JONES,** and **JOHN DOE 2** *Corrections Officer*.

**IT IS FURTHERE ORDERED THAT COUNT 2** shall receive further review as to **JOHN DOE 1** *Lieutenant*.

**IT IS FURTHER ORDERED THAT COUNT 3** shall receive further review as to **MAUE, JACKSON, GRIFFIN, CORON, TOURVILLE, JOHN DOE 1** *Lieutenant*, **JONES,** and **JOHN DOE 2** *Corrections Officer*.

**IT IS FURTHER ORDERED THAT COUNT 4** shall receive further review as to **MAUE, JACKSON, GRIFFIN, CORON, TOURVILLE, JOHN DOE 1** *Lieutenant*, **JONES,** and **JOHN DOE 2** *Corrections Officer*.

The Clerk of the Court is **DIRECTED** to **ADD** the Warden of Menard Correctional Center, **FRANK LAWRENCE**, in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown corrections officers.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **MAUE, JACKSON, GRIFFIN, CORON, TOURVILLE, JONES,** and **LAWRENCE** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants, **JOHN DOE 1** *Lieutenant* and **JOHN DOE 2** *Corrections Officer*, until such time as Plaintiff has identified each by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With the exception of Defendant Lawrence, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**LAWRENCE** is **ORDERED** to timely enter his appearance. **LAWRENCE**, however, does not need to file an Answer or other responsive pleading. Once **LAWRENCE** enters his appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **LAWRENCE** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation

that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 23, 2019**

s/ STACI M. YANDLE
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before

defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**