IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   18-cv-2212-RJD |
| | ) | |
| LUCAS MAUE, TERRANCE JACKSON, | ) | |
| GARRETT GRIFFIN, CHASE CARON, | ) | |
| JOHN TOURVILLE, and ANTHONY | ) | |
| JONES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Bobby Johnson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), alleges that his constitutional rights were violated while he was incarcerated at Menard Correctional Center.  In June 2017, Plaintiff was involved in at least one altercation with at least one prison official at Menard; he contends that multiple prison officials used excessive force against him and/or failed to protect him, resulting in extensive injuries.  This matter comes before the Court for case management purposes.

Plaintiff filed this suit pro se and in forma pauperis pursuant to 28 U.S.C. §1915 on December 26, 2018.  Doc. 1.  He subsequently filed two Motions for Recruitment of Counsel which were denied by the Court.  Docs. 9 and 28.  Litigants do not have a right to Court-appointment of counsel in civil cases, but §1915 authorizes the Court to recruit an attorney to represent an indigent party on a volunteer basis.  *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (internal citations omitted).  The undersigned does not take this authority lightly, recognizing that "almost everyone would benefit from a lawyer, but there are too many indigent

litigants and too few lawyers willing and able to volunteer for these cases." *Id*.  At the time Plaintiff filed his third Motion for Recruitment of Counsel, two Motions to Compel were pending.  Docs. 29, 30, and 31.  Plaintiff, proceeding pro se and still in IDOC custody but no longer incarcerated at the prison where the altercation(s) occurred, faced significant hurdles during the discovery phase of this case and was unable to determine whether he had named all IDOC staff members who were involved in the alleged altercation(s).  Doc. 31.  Consequently, the Court recruited Attorney Beth Bauer to represent Plaintiff on June 3, 2020.  Doc. 39.

For three and a half years, Attorney Bauer and an associate at her firm represented Plaintiff.  Plaintiff's claims against all but one defendant survived summary judgment, and Plaintiff proceeds to trial against five defendants on claims for excessive force, intentional infliction of emotional distress, and assault and battery.  The Court scheduled this case for a jury trial on January 23, 2024.  The Court also held a settlement conference on November 27, 2023.  Defendants made a settlement offer that Plaintiff did not accept at the conference, but was kept open for him to consider until December 7, 2023.  The Court scheduled a status conference to be held on December 7, 2023.  On December 1, 2023, Attorney Bauer informed the Court and counsel for Defendants that Plaintiff had retained Attorney Maureen Williams to represent him.  Attorney Bauer filed a Motion to Withdraw on behalf of herself and her associate, noting that Plaintiff told her that he no longer wanted her to represent him.  Doc. 96, p. 3.

This Court may deny a Motion to Withdraw if "granting it would delay the trial of the case."  SDIL L.R. 83.1(h).  Moreover, because Attorney Bauer was recruited to represent Plaintiff pro bono, the Court must determine whether good cause exists for her withdrawal.  SDIL L.R. 83.11(a). At the December 7, 2023 status conference, Attorney Bauer and counsel for Defendant appeared.  Attorney Bauer informed the Court that Attorney Williams was not yet

admitted to practice in this district and that was why she had not yet appeared on behalf of Plaintiff. The Court informed Attorney Bauer and counsel for the Defendants that given the age of this case, the January 23, 2024 trial date would not be moved. The undersigned set a December 14, 2023 hearing on Attorney Bauer's Motion to Withdraw and issued a writ for IDOC to arrange to have Plaintiff appear via videoconference.

On December 11, 2023, Attorney Williams e-mailed the undersigned's courtroom deputy, stating that she was "hoping to be admitted to the southern district by the end of this week." The undersigned's staff provided Attorney Williams with the videoconference information so that she could appear for the December 14, 2023 hearing on Attorney Bauer's Motion to Withdraw. Attorney Bauer, counsel for Defendants, Attorney Williams, and Plaintiff appeared at the December 14, 2023 hearing. Plaintiff confirmed that he did not want Attorney Bauer to represent him anymore and that he wished to be represented by Attorney Williams. The undersigned explained that Attorney Bauer's Motion to Withdraw would not be granted until Attorney Williams filed an appearance. The undersigned also confirmed that Attorney Williams understood that trial was set for January 23, 2024 and there would be no extensions for pretrial deadlines (e.g., motions in limine). Attorney Bauer stated that she had drafted pretrial documents and would be sending those items in short order, along with the entire file of this case, to Attorney Williams.

Two weeks later, Attorney Williams still has not entered an appearance. In the meantime, the deadline for filing Motions in Limine and Rule 26(a)(3) disclosures has passed; Attorney Bauer graciously filed the Motion in Limine and disclosures she had drafted prior to learning that Plaintiff no longer wanted her to represent him.

The Court is unwilling to continue to keep Attorney Bauer and her associate in the precarious and unenviable position of continuing in this case. Plaintiff's Responses to

Defendants' Motions in Limine and objections to Rule 26(a)(3) disclosures are due on January 5, 2024.  Moreover, the final pretrial conference is set for January 12, 2024.

Unless and until Attorney Williams enters an appearance in this case, Plaintiff is once again pro se and will represent himself in all aspects at trial.  Unless and until Attorney Williams enters an appearance in this case, Attorneys Bauer and Bramdstedt are assigned to act as trial standby counsel only.  One or both of them shall perform the following duties:

- Attend the final pretrial conference and trial;
- Explain courtroom procedure and rules to Plaintiff;
- Track exhibits admitted into evidence;
- Explain relevant legal concepts;
- At Plaintiff's request, provide opinions regarding trial strategy and potential objections;
- Appear at sidebar (with or without Plaintiff at the Court's discretion); and
- Perform any other reasonable case-related actions at the Court's instruction.

Attorneys Bauer and Bramstedt shall NOT perform the following:

- Give opening statement or closing argument;
- Speak for or make arguments on behalf of Plaintiff;
- Direct or cross-examine witnesses;
- Make objections or motions during trial;
- Prepare and/or file any written motion or pleading on behalf of Plaintiff;
- Speak for Plaintiff in the presence of the jury; and

- Communicate with the Court outside the presence or knowledge of Plaintiff.

If and when Attorney Williams enters an appearance, Attorneys Bauer and Bramdstedt will be terminated from this matter.

While Plaintiff could not conduct fact discovery and investigate his case while incarcerated at a prison other than where the altercation(s) allegedly occurred, the Court sees no indication that he is incapable of presenting his evidence to the jury in a coherent matter.   The issues in this case are not complex, involving two discrete incidents and no expert testimony.

The Clerk of Court is directed to send a copy of this Order to Plaintiff at Western Illinois Correctional Center, along with Defendants' Motions in Limine (Doc. 103) and Rule 26(a)(3) disclosures (Doc. 103).   The Clerk of Court is also directed to send a copy of the undersigned's pretrial checklist (attached as an exhibit to this Order) and a copy of the Order on Defendants' summary judgment motions (Doc. 88).

The Clerk of Court is also directed to send a copy of this Order (and only this Order) to Attorney Maureen Williams at the e-mail address she used to contact the undersigned, maureen@maureenwilliamslaw.com.

**IT IS SO ORDERED.**

**DATED: December 28, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**